UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES B. GONYOU<br>Plaintiff<br><br>v.<br><br>TRI-WIRE ENGINEERING<br>SOLUTIONS, INC.<br>Defendant | )<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO. 10-40011<br>)<br>)<br>)<br>) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S PARTIAL MOTION TO DISMISS**

Plaintiff's complaint alleges nonpayment of overtime wages under federal and state law, and wrongful termination under Massachusetts law.  Defendant has moved to dismiss only the state law overtime claim, asserting, in effect, that a company organized under Massachusetts law and headquartered in Massachusetts should not be required to answer to a Massachusetts resident under the Massachusetts overtime statute simply because the work at issue was performed at one of Defendant's out of state facilities.  Defendant's motion should be denied.

In the alternative, should the Court determine that some or all of Plaintiff's state law overtime claims should be governed by Connecticut rather than Massachusetts law, Plaintiff requests leave to amend his complaint to add a claim under the Connecticut overtime statute.

**ARGUMENT**

The Massachusetts overtime law states:

> …***no employer in the commonwealth*** shall employ any of his employees in an occupation, as defined in section two, for a work week longer than forty hours, unless such employee receives compensation for his employment in excess of forty hours at a rate not less than one and one half times the regular rate at which he is employed.

M.G.L. c. 151 §1A (emphasis added).

"Occupation" is defined elsewhere in the statute, and contains no language limiting an "occupation" to work performed within the Commonwealth.  M.G.L. c. 151 §2.

Plaintiff's complaint alleges the following facts relevant to Defendant's motion:

i. Defendant is a company organized under the laws of Massachusetts, with a principal place of business in Tewksbury, Massachusetts.  Complaint, ¶2.

ii. Defendant does business in Massachusetts as well as other New England states.  *Id*. ¶ 7.

iii. Plaintiff worked in excess of forty hours a week while between January, 2009 and August, 2009.  Id. ¶ 11, 17, 24.

iv. Plaintiff has lived in Massachusetts since March, 2009, accounting for six of the eight months during which his overtime accrued.  *Id*. ¶12.[1]

v. Though Plaintiff worked at Defendant's Connecticut facility during this period, at all times he was employed by a Massachusetts corporation.  *Id*. ¶2.

These allegations are more than sufficient to support the assertion in the Complaint that Defendant is an "employer in the Commonwealth" who employed the Plaintiff in an "occupation" within the meaning of the overtime statute, and therefore is subject to its provisions.  Moreover, even assuming that the location of the relevant conduct was in Connecticut where Plaintiff was working, rather than in Massachusetts where management level decisions were made about whether to classify employees as exempt or nonexempt from overtime laws, application of Massachusetts law to the conduct of its own citizens (Defendant) outside of its own borders is not impermissibly "extraterritorial" under these circumstances.

---

[1] Plaintiff does not yet have the information necessary to separate the overtime hours worked during the few months he lived in Connecticut from those worked while he was living in Massachusetts, which is a factual question that cannot be resolved on a motion to dismiss before discovery.

First, the Massachusetts overtime statute defines its reach by reference to the location of the *employer*, not the location where the employee performs his work. M.G.L. c. 151 §1A, 2; *see also O'Connell v. Chasdi*, 400 Mass. 686, 689 n3 (1987)(noting that Massachusetts Civil Rights Act did not limit its reach to in-state conduct); *Griffin v. Instituform of New England, Inc*., 1994 Me. Super. LEXIS 432 (Dec. 9 1994)(where Maine wage and hour statute did not on its face limit itself to work performed in the state, it was applicable to a Maine resident working outside of the state for a Massachusetts corporation); *Teed v. JT Packard & Assocs*., 2008 U.S. Dist. LEXIS 79267, *7-8 (W.D. Wis. Oct. 3, 2008)("Because the statutes are silent on the question of whether an employee must be employed in Wisconsin, plaintiff was not required to allege this fact to state a claim.").[2] This is in contrast to the *Vendetti* case cited by Defendant, where the court was construing a statute that "applies to all employers and employees in this State." *Vendetti v. Compass Envtl., Inc*., 2006 U.S. Dist. LEXIS 90404, *4 (N.D. Ill. Dec. 14, 2006).

Second, the parties and the dispute have substantial connections to Massachusetts that justify application of the Massachusetts statute. *See Griffin*, 1994 Me. Super. LEXIS 432, *9-10 (the Maine Wage Act could apply to employment outside the state "so long as there exist other ties to this State that, on choice of law principles, allow Maine's laws to have governing effect."). Defendant is a Massachusetts company with headquarters and management functions in Massachusetts, and Plaintiff was a Massachusetts resident for most of the period relevant to his overtime claims. *See O'Connell*, 400 Mass. at 689 n3 (in connection with question about the out of state reach of the Massachusetts Civil Rights Act, noting the "many Massachusetts

---

[2] The Supreme Court's recent decision relating to pleading standards does not, as Defendant suggests, render the *Teed* decision any less applicable. *See* Defendant's Mem. at 7. Had the *Teed* court been able to conclude as a matter of law that the Wisconsin statute did not apply to work done outside the state—as Defendant is asking this Court to do—the absence of an allegation regarding work in Wisconsin would have been fatal to the plaintiff's complaint under either the old pleading standard or the new.

contacts, including: both parties were domiciled in Massachusetts at all relevant times, their employment relationship…was based in Massachusetts, and the employer was a Massachusetts corporation").

The relationship between the parties and Massachusetts also undercuts Defendant's assertion that employers with locations in multiple states "would be faced, under Plaintiff's approach, with needing to stay abreast of employment laws in three jurisdictions." Defendant's Mem. at 6. Of course, one would hope that multistate employers in fact do stay abreast of employment laws where they operate. In any event, Plaintiff's approach does no more than ask this employer to stay abreast of the employment laws of its own home state.[3]

Finally, there is nothing impermissibly extraterritorial about a state statute regulating the conduct of its own citizens beyond its borders, absent a conflict with the law of the jurisdiction in which the conduct occurred. *See Griffin* 1994 Me. Super. LEXIS 432, *9-10 (application of Maine wage and hour law to employment in Massachusetts "does no violence to Massachusetts public policy"); *Tidewater Marine Western, Inc. v. Bradshaw*, 14 Cal. 4th 557, 556 (1996) ("regardless of its boundaries, California can govern employment of its residents on the high seas, provided there is no conflict with federal law"); *see also O'Connell*, 400 Mass. at 689 n3. Connecticut, the only other state whose laws could apply to this dispute, also recognizes the right of a non-exempt employee to overtime compensation, and provides a private right of action for unpaid overtime. Conn. Gen. Stat. § 31-58 *et seq*. Accordingly, as was the case in *Griffin*, not only would application of the Massachusetts statute to this dispute not do violence to the policies

---

[3] Nor do the cases on which Defendant relies compel a different result. In *Sugeng Pryanto v. M/S Amsterdam*, plaintiff was an Indonesian citizen suing a Dutch company with offices in Washington under California law. 2009 U.S. Dist. LEXIS 7849 (C.D. Cal. January 23, 2009). In the *Hadfield* case, plaintiff was an Australian citizen who had been employed in sub-Saharan Africa, with no connection to Massachusetts other than the location of the Defendant's offices. *Hadfield v. A.W. Chesterton Co*., 2009 Mass. Superior LEXIS 230 (September 15, 2009). In *Vendetti*, as previously noted, the court was construing a statute that on its face applied to "employers and employees ***in the State***."

and laws of Connecticut, it would vindicate them.  *See Griffin* 1994 Me. Super. LEXIS 432, *9-10.

## CONCLUSION

For the reasons set forth above, Plaintiff requests that the Court DENY Defendant's Motion to Dismiss.  In the alternative, should the Court determine that some or all of Plaintiff's state law overtime claims should be governed by Connecticut rather than Massachusetts law, Plaintiff requests leave to amend his complaint to add a claim under the Connecticut overtime statute.

                                              Respectfully submitted,
                                              JAMES GONYOU
                                              By his attorney:

                                              /s/ Emily E. Smith-Lee_____
                                              Emily E. Smith-Lee (BBO# 634223)
                                              Smith Lee LLC
                                              One Post Office Square
                                              Sharon, MA  02067
                                              781-784-2322
                                              781-793-0600 (facsimile)
                                              eslee@smithleelaw.com

Dated: February 11, 2010

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent by electronic mail to the following individuals on February 11, 2010:

Sarah P. Kelly
Nutter McClennen & Fish LLP
World Trade Center West
155 Seaport Boulevard, Boston, MA 02210
Phone: (617) 439-2461
Fax (617) 310-9461
SKelly@nutter.com
**Counsel for Defendant Tri-Wire Engineering Solutions, Inc.**

/s/ Emily S. Smith-Lee