**United States District Court**
**District of Massachusetts**

```
_____
                               )
JAMES GONYOU,                  )
        Plaintiff,             )
                               )
        v.                     )    Civil Action No.
                               )    10-40011-NMG
TRI-WIRE ENGINEERING SOLUTIONS, )
INC.,                          )
        Defendant.             )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiff James Gonyou ("Gonyou") brings suit against defendant Tri-Wire Engineering Solutions, Inc. ("Tri-Wire") for 1) wrongful termination, 2) failure to pay overtime wages pursuant to M.G.L. c. 151, § 1A and 3) violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219.  Before the Court is defendant's motion to dismiss Count II.

**I.   Background**

**A.   Factual Background**

This dispute arises out of Gonyou's employment and termination by Tri-Wire, where he worked from October 6, 2008 to September 2, 2009.  Tri-Wire is a Massachusetts telecommunications company which provides installation and repair services throughout New England.  During his first three months, Gonyou worked as a technician until, on January 5, 2009, he became a "technician supervisor" at the Danbury, Connecticut

-1-

facility.  His responsibilities included assisting technicians and supporting the Operations Manager.

Gonyou contends that, as a technician supervisor, he was expected to work 50 hours per week and that his pay was docked if he worked for a shorter period of time.  Moreover, Gonyou alleges that Tri-Wire tracked his regular and overtime hours and, by July, 2009, he had worked approximately 350 overtime hours for which he was not paid time-and-a-half.  Gonyou and several other employees apparently spoke out about filing a lawsuit to recover overtime pay that they felt they were owed.  Gonyou claims that his Operations Manager became aware of that conversation and, as a result, he was transferred to the Tri-Wire facility in Worcester, Massachusetts in August, 2009 and his title reduced to "technician".

Shortly after he began working in Worcester, Gonyou alleges that he was robbed at gunpoint and all of the tools and equipment necessary to perform his job as a technician were stolen.  He reported the incident to his supervisors and represented that he could not safely carry out his job without the requisite safety equipment.  His supervisor apparently did not have replacements and instructed Gonyou to proceed to work without the subject equipment.  Gonyou refused and, on September 2, 2009, was terminated.

He alleges that 1) he was wrongfully terminated for refusing

to work in unreasonably dangerous conditions and 2) he is owed overtime pay for the time he was employed after January 5, 2009.

### B.   Procedural History

On December 14, 2009, plaintiff filed a complaint in Massachusetts Superior Court Department for Middlesex County. Defendant removed the action to federal court the following month and it was transferred to this session after it had initially been filed in the wrong division.  In January, 2010, defendant filed a motion to dismiss Count II to which plaintiff filed a timely opposition.  The Court heard oral argument on the motion on May 11, 2010.

## II.  Analysis

### A.   Legal Standard

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In considering the merits of a motion to dismiss, the Court may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken. Nollet v. Justices of the Trial Court of Mass., 83 F. Supp. 2d 204, 208 (D. Mass. 2000) aff'd, 248 F.3d 1127 (1st Cir. 2000).  Furthermore, the Court must accept all factual allegations in the complaint as true and draw all

reasonable inferences in the plaintiff's favor.  <u>Langadinos</u> v. <u>American Airlines, Inc.</u>, 199 F.3d 68, 69 (1st Cir. 2000).  If the facts in the complaint are sufficient to state a cause of action, a motion to dismiss the complaint must be denied.  <u>See</u> <u>Nollet</u>, 83 F. Supp. 2d at 208.

**B.   Application**

Section 1A of M.G.L. c. 151 provides, in pertinent part:

> no employer in the commonwealth shall employ any of his employees in an occupation ... for a work week longer than forty hours, unless such employee receives compensation for his employment in excess of forty hours at a rate not less than one and one half times the regular rate at which he is employed.

Tri-Wire moves to dismiss Count II under that provision because the claim is premised on time worked in Connecticut, not Massachusetts, and, therefore, the statute should not apply. Although the issue is one of first impression, Tri-Wire argues that such a finding is compelled by analogous rulings under different statutes.  In particular, Tri-Wire maintains that 1) statutes are presumed not to apply extraterritorially and 2) in deciding which state's law to apply, the place of employment is the critical factor.  Tri-Wire also advances several policy arguments and offers a "parade of horribles" about the possible consequences of applying the statute to an employee working outside Massachusetts.

Gonyou responds that Tri-Wire's motion

> assert[s], in effect, that a company organized under

> Massachusetts law and headquartered in Massachusetts
> should not be required to answer to a Massachusetts
> resident under the Massachusetts overtime statute simply
> because the work at issue was performed at one of
> Defendant's out of state facilities.

Gonyou contends that the text of M.G.L. c. 151, § 1A supports his reading because 1) neither "employer" nor "occupation" is defined with any geographic limitation and 2) the statute defines its reach by reference to the location of the employer, not the situs of the work performed.

Moving beyond the statutory text, Gonyou contends that the parties and the dispute have substantial connections to Massachusetts that justify the application of its law.  He distinguishes several cases and rebuts Tri-Wire's policy argument by noting that his proposed approach "does no more than ask this employer to stay abreast of the employment laws of its own home state".  Finally, Gonyou concludes that

> there is nothing impermissibly extraterritorial about a
> state statute regulating the conduct of its own citizens
> beyond its borders, absent a conflict with the law of the
> jurisdiction in which the conduct occurred.

Because no such conflict exists, applying Massachusetts law vindicates Connecticut's policies as well.

The Court will deny defendant's motion.  On its face, the subject statute can be read to apply to this dispute, as Gonyou aptly explains.  To be sure, the phrase "employer in the commonwealth" (emphasis supplied) might be construed to restrict its application to a plaintiff who works "in" Massachusetts but

it is more reasonably interpreted in this case as encompassing a Massachusetts corporation that operates in the Commonwealth and elsewhere, such as Tri-Wire.  Indeed, the statute refers to any "employer in the commonwealth", not any "employee in the commonwealth".  <u>Compare</u> 820 Ill. Comp. Stat. 115/1.

Moreover, no authority directly addresses whether the statute applies to Gonyou's claim and both parties have managed to marshal supporting cases applying different statutes in other jurisdictions.  None is on all fours with this case and the Court finds the authority presented by Tri-Wire, the moving party, unpersuasive.  The statutes at issue in cases cited by defendant are not identical to M.G.L. c. 151, § 1A and, more importantly, the plaintiffs in those cases worked not only outside the state but were generally non-residents (and sometimes even foreigners).  Here, Gonyou is a Massachusetts resident who allegedly lived in Massachusetts for the majority of the period of his employment.

Tri-Wire's reliance on the presumption against extra-territoriality is similarly unconvincing.  Most of the cases cited for that proposition discuss the applicability of state statutes internationally, clearly a distinguishable situation.  Moreover, unlike other states, Massachusetts does not have a pronounced policy against applying its statutes in circumstances such as Gonyou's and the only potentially conflicting recent opinion is that of the Superior Court in which the decision,

again, contemplated work done overseas.  <u>Hadfield</u> v. <u>A.W.
Chesterton Co.</u>, No. 20084382, 2009 WL 3085921 (Mass. Super. Ct.
Sept. 15, 2009).  In fact, Massachusetts has applied its
statutory law to conduct outside its borders if sufficient
contacts with the Commonwealth exist, as they do here.  <u>See</u>
<u>O'Connell</u> v. <u>Chasdi</u>, 511 N.E.2d 349, 351 n.3 (Mass. 1987).  Such
an application is not obviously "extra-territorial" in
contravention of the interpretative canon.  In any event,
defendant has not carried its burden of proof with respect to
establishing that any presumption against extra-territoriality
applies to proscribe the application of M.G.L. c. 151, § 1A here.

Finally, the Court rejects defendant's policy-based "parade
of horribles" about the consequences to employers if its motion
is denied.  As is eminently clear, this is a motion to dismiss
and this ruling is strictly limited to the facts and
circumstances of this case and this motion.

### ORDER

In accordance with the foregoing, defendant's motion to
dismiss (Docket No. 5) is **DENIED.**

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated May 25, 2010